PAULINE KARR, Respondent, *v.* INECTO, INC., Appellant.

Negligence — chemical products — action to recover for injury to finger from infection alleged to have been caused by use of hair dye — plaintiff must show that injury resulted from contact with dye, that it was inherently dangerous and that defendant was negligent in marketing a dangerous product — plaintiff may not recover where possibility of other cause of infection is not excluded and there is no direct evidence that product contained any irritant or poison.

1. In an action to recover for injury to a finger from infection alleged to have been caused by hair dye manufactured by defendant which plaintiff used in the course of her business as a hairdresser, in order to recover plaintiff must show that the injury to the finger resulted from contact with the chemical product manufactured by the defendant; that it was inherently dangerous and poisonous and that the defendant was negligent in putting upon the market a dangerous and poisonous product.

2. Where, therefore, in such an action, there is no direct evidence of the nature of the dye and from the evidence it may be determined only that even if the dye used might possibly be a competent producing cause of a condition such as developed on plaintiff's finger, it does not always produce such a result, plaintiff cannot recover. An inference may not be drawn that the poison or irritant which it is said caused injury to plaintiff was contained in the product of defendant merely because the infection developed on the finger which was stained by the dye twelve hours before, where possibility of other cause is not excluded and there is no direct evidence that defendant's product contained any poison or irritant.

*Karr* v. *Inecto, Inc.*, 220 App. Div. 621, reversed.

(Argued January 12, 1928; decided February 14, 1928.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 3, 1927, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

*Murray Hulbert* and *Morris Buchter* for appellant. The evidence in the record does not warrant the inference that the hair dye manufactured by the defendant company

was the proximate cause of the injuries suffered by the plaintiff. (*Yaggle* v. *Allen*, 24 App. Div. 594; *Favo* v. *Remington Arms*, 67 App. Div. 416; *Benson* v. *Dean*, 232 N. Y. 52.) In the absence of any proof as to the composition or any disastrous effect of the defendant's hair dye, the doctrine of *res ipsa loquitur* may not be invoked by the plaintiff in aid of her *prima facie* case. (*McPherson* v. *Buick Co.*, 217 N. Y. 382; *Bruchel* v. *Milhaus' Sons*, 116 App. Div. 832.)

*Leo J. Rosett* and *David Schenker* for respondent. Plaintiff established a *prima facie* case. It was error to dismiss the complaint. (*Cahill* v. *Inecto*, 208 App. Div. 191; *Race* v. *Krum*, 162 App. Div. 911; 222 N. Y. 410; *Rosenbusch* v. *Ambrosia Milk Corp.*, 181 App. Div. 97; *Gerkin* v. *Brown & Sehler Co.*, 177 Mich. 45.) Appellant's contentions that plaintiff failed to establish that the dye was the proximate cause of her injury are based upon distorted and erroneous versions of the testimony. (*Tracey* v. *Metropolitan Street Ry. Co.*, 49 App. Div. 197; 168 N. Y. 653; *Dunican* v. *Union Railway Co.*, 56 App. Div. 181; 171 N. Y. 692; *Sands* v. *Sparling*, 82 Hun, 401; *Cole* v. *Fall Brook Coal Co.*, 159 N. Y. 59; *Stearns* v. *Field*, 90 N. Y. 640; *Pierrpont* v. *Fifth Ave. Coach Co.*, 151 App. Div. 40; *Smith* v. *Manhattan Ry. Co.*, 112 App. Div. 202; *Coles* v. *Interurban Street Ry. Co.*, 49 Misc. Rep. 246; *Goldstein* v. *Pullman Co.*, 220 N. Y. 549; *Griffen* v. *Manice*, 166 N. Y. 188.) Plaintiff established a *prima facie* case of negligence against the defendant. (*MacPherson* v. *Buick Co.*, 217 N. Y. 382.)

LEHMAN, J. The defendant manufactures a chemical product known as Inecto Rapid. It offers that product for general sale, representing to the public that it may be used as a hair dye and applied to the head. The plaintiff conducts an establishment for the dressing and dyeing of women's hair and for what she describes as "general beauty culture work." On March 31st, 1924, the plain-

tiff applied some of the dye manufactured by the defendant to the hair of her customer. The plaintiff had never used this dye on a customer's hair before. The customer asked the plaintiff to use it. On four or five occasions such dye had been applied to the customer's hair by defendant's employees at defendant's place of business. The customer brought a package of the dye to the plaintiff. The package contained several bottles with directions for mixing and using. The plaintiff mixed the dye according to the directions. The customer explained to the plaintiff how the dye was applied in defendant's place of business. The plaintiff applied it in the same manner. The plaintiff always wore gloves while applying dye to a customer's head. She did so on this occasion. After she removed her gloves she washed her hands with soap. Then she saw that a few drops of the dye were trickling down her customer's forehead. The plaintiff wiped the dye off the forehead with a piece of cotton. Some of the dye stained the plaintiff's right index finger. The plaintiff washed her hands again. The stain still remained. That night at two o'clock the plaintiff awoke. Her finger was red, swollen, and painful. She called a doctor. The finger grew worse. Several operations were performed on it. The plaintiff has never regained the full use of the finger. The plaintiff claims in her complaint that the injury to her finger was caused by the dye manufactured by the defendant and that this dye was " inherently dangerous and poisonous to the skin and other portions of the body with which the said ' Inecto Rapid ' came in contact, and if applied thereto would cause dangerous and injurious infection of the blood and portions of the body with which the said substance came in contact." At the close of the plaintiff's evidence the trial justice dismissed the complaint. The Appellate Division has reversed the judgment of dismissal, holding that the plaintiff's evidence was sufficient to make out a *prima facie* case.

Before the plaintiff may recover she must show, *first*, that the injury to the finger resulted from contact with the chemical product manufactured by the defendant; *second*, that the chemical product was inherently dangerous and poisonous; and *third*, that the defendant was negligent in putting upon the market a dangerous and poisonous product. If the evidence establishes that the liquid contained in the bottles of dye used by the plantiff was dangerous and poisonous, then from the fact that the injury followed contact with the dye we might draw the inference that the injury was the result of that contact. In such case, too, we might without further evidence as to how these particular bottles happened to contain a dangerous and poisonous liquid infer that such a condition could not have arisen without fault on the part of employees of the defendant. As the foundation of her cause of action, the plaintiff must show by direct or circumstantial evidence at least that the bottles of dye manufactured by the defendant and used by the plaintiff contained a dangerous and poisonous liquid.

There is no direct evidence of the nature of the dye contained in these bottles. We are asked to draw the inference that the liquid was dangerous because the staining of the right index finger was followed by a morbid condition on the same finger. The physicians who treated the finger say that in their opinion the morbid condition was not due primarily to a bacteriological infection, but to contact with a chemical irritant or chemical poison, and they " think " that the condition was caused by the dye, because the finger was stained by the dye. We assume that the injury was due to a chemical irritant or poison. It manifested itself some twelve hours after the dye came in contact with the finger. The dye had been applied to the hair and scalp of the customer. It had trickled down her forehead. Apparently it had not injured her, yet without other evidence that the dye contained a chemical poison or irritant we

are · asked to assume that this so-called " chemical product," admittedly harmless to the customer, was dangerous and poisonous and caused injury to the plaintiff. Possibly some individuals may possess a peculiar immunity against the effects of a particular chemical poison or irritant; possibly other individuals possess a peculiar susceptibility. We know only that even if the dye used may possibly be a competent producing cause of a morbid condition such as developed on plaintiff's finger, it does not always produce such a result, otherwise the customer would not have escaped injury. All else rests purely on conjecture.

Doubtless there are cases where a condition is so closely linked to an antecedent occurrence that the inference that the condition was the result of the occurrence may logically be drawn, even though there is otherwise no evidence as to whether the occurrence might be a competent producing cause of the condition. That is, of course, true wherever other possible causes are excluded. Such was apparently the situation in *Cahill* v. *Inecto, Inc.* (208 App. Div. 191). In the case now under consideration the morbid condition became apparent only twelve hours after the finger became stained. We are not informed how long after a chemical poison is applied the tissues break down as they are said to have broken down here; we are not informed as to the nature of the chemical irritant or poison which might produce such a condition;. we are not informed whether such chemical poisons or irritants are at times found in hair dyes, and are always absent from soaps, massage creams and other articles which the plaintiff uses in her business or household work. We are asked to draw the inference that the " chemical poison or irritant " which it is said caused injury to the plaintiff was contained in the " chemical product " of the defendant merely because the injury occurred on the finger which was stained by the dye twelve hours before, though possibility of other cause is not excluded and

though there is no direct evidence that the " chemical product " contained any chemical poison or irritant. Then we are asked to go further and find that the dye not only caused the injury but was so inherently dangerous that the defendant was negligent when it put the bottle on the market though dye from exactly the same bottle produced no harmful effect upon the customer. We do not find that the evidence sustains such inferences.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.