HELEN PRATT, Appellant, *v.* E. W. EDWARDS & SON, Respondent.

Fourth Department, November 13, 1929.

*Ward, Flynn, Spring & Tillou* [*Dana L. Spring* of counsel; *Martin G. Phillips* with him on the brief], for the appellant.

*Harold J. Adams*, for the respondent.

THOMPSON, J. Attracted by an advertisement of a bargain in permanent waves, plaintiff repaired to the beauty parlor of defendant and submitted herself to the hands of its operatives who subjected her hair to certain requisite processes therefor, including the application of electric heat. After adjusting the curlers, so called, and dividing them into two parts, the current was turned on in the curlers over part of the head and left three minutes, then four, then the process was repeated with the curlers over the other part of the head; her head got very hot and she became faint. Plaintiff then complained to an attendant and the current was turned off. The next day plaintiff's hair started coming out, her scalp was itchy, she had headaches, and in three weeks her hair was completely gone. She had never had any trouble with her hair before. Plaintiff's physician testified that the hair showed definite evidence of superheating, and that, in his opinion, this caused its falling out. An expert demonstrator of hair-curling machines testified that the proper method of applying electricity to hair in this operation on a head requiring two bakings was to turn the current on for two and one-half minutes and then, after an interruption, for three minutes, and that there should not be any damage to the hair when this method is followed.

At the close of plaintiff's proofs defendant rested its case without introducing any evidence. Whereupon and on its motion the court ordered a nonsuit. This we think was error. The facts above stated are sufficient to require a submission to the jury of the question of defendant's negligence. If there had been testimony from which the jury might have found in the alternative that the loss of hair resulted from some abnormal physical condition of the plaintiff, perhaps the case of *Antowill* v. *Friedmann* (197 App. Div. 230) would have been applicable and submission to the jury for a general verdict would have been erroneous. But there was no such testimony. On the contrary, we have the testimony of plaintiff's physician that the loss of plaintiff's hair was not due to any constitutional or nervous disturbance, there having been a dirty brown condition of the hair which only comes with superheating. Further there was some evidence that the heating process was continued for an excessive period. Plaintiff put herself unreservedly

in defendant's hands. In soliciting patronage it not only assured the public that it possessed adequate knowledge and skill to administer the treatment necessary to produce a permanent wave in the hair of its customers, but also that it would use reasonable care in so doing. (See *Cahill* v. *Inecto, Inc.*, 208 App. Div. 191; *Karr* v. *Inecto, Inc.*, 220 id. 621.)

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

All concur, SEARS, P. J., in result only, except EDGCOMB, J., who dissents and votes for affirmance. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.