SALI PARISER, Plaintiff, *v.* WAPPLER ELECTRIC CO., INC., and Others, Defendants.

Supreme Court, New York County, October 19, 1932.

*Cravath, de Gersdorff, Swaine & Wood* [*Carlile Bolton-Smith* of counsel], for the defendants Wappler Electric Co., Inc., Carl J. Johnson, Charles Fayer and Arthur Mutscheller, for the motion.

*Frank Aranow* [*Stanley H. Fuld* of counsel], for the plaintiff.

FRANKENTHALER, J. In *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382, at p. 389) the Court of Appeals said: " If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully."

In the instant case it is charged that the machines sold by the defendants were dangerous and unfit for the use for which they were intended, to the knowledge of the defendants. It cannot be that the defendants would be liable if the dangerous character of the machines were due to negligence in their construction, and yet would not be liable if the machines were to their knowledge dangerous though constructed with due care and without negligence. In *Karr* v. *Inecto, Inc.* (247 N. Y. 360), the Court of Appeals, in an opinion by LEHMAN, J., said (at p. 363): " Before the plaintiff may recover she must show, *first,* that the injury to the finger resulted from contact with the chemical product manufactured by the defendant; *second,* that the chemical product was inherently dangerous and poisonous; and *third,* that the defendant was negligent in putting upon the market a dangerous and poisonous product." The allegations of the present complaint are sufficient, for the purposes of pleading, to charge the defendants with having knowingly put upon the market an inherently dangerous product which caused injury to the plaintiff.

The motion to dismiss the complaint is accordingly denied, with leave to answer within ten days from the service of a copy of this order with notice of entry. (See, also, *Kuelling* v. *Lean Mfg. Co.,* 183 N. Y. 78; *Cahill* v. *Inecto, Inc.,* 208 App. Div. 191.)