LORETTA PETZOLD and LAWRENCE PETZOLD, Appellants, v. ROUX LABORATORIES, INC., a Domestic Corporation, and GEORGE KREMER, Doing Business as ROUX DISTRIBUTING COMPANY at 9 East 45th Street, New York City, Respondents.— In an action by a wife to recover damages for personal injuries sustained as the result of dye getting into her eye, and by her husband for loss of services and expenses, judgment for the defendants reversed on the law and a new trial granted, with costs to appellants to abide the event. The learned trial court misunderstood the significance of the *third* element necessary to establish a cause of action, such as the present one, as set forth in *Karr* v. *Inecto, Inc.* (247 N. Y. 360, 363), viz.: " * * * and third, that the defendant was negligent in putting upon the market a dangerous and poisonous product." Actionable negligence resulted from putting such a product on the market, and it was not necessary for the plaintiffs to establish negligence in some other or independent way. Of course, if a patron is apprised of the dangerous and poisonous substance prior to its application, she assumes the risk. Such a defense, however, was not presented in this case. It was error, therefore, to refuse to charge that if the evidence established that the liquid was dangerous and poisonous, with injury following contact, the jury might, without further evidence as to how the particular bottle happened to contain a dangerous and poisonous liquid, infer that such a condition could not have arisen without fault on the part of the employees of the defendants. (*Karr* v. *Inecto, Inc., supra,* p. 363.) It was unnecessary for plaintiffs, as an essential part of their cause of action, to establish by direct proof that the defendants had actually

manufactured and distributed dangerous and poisonous liquid. Upon establishment of the other essential elements, the jury might infer that the defendants had placed the dangerous and poisonous liquid in the bottle, by reason of the fact that it was there at the time it was used on the plaintiff wife. Defendants' instructions to a so-called " beautician " to instruct patrons to keep their eyes closed, and notice to such beautician that the product contained a metallic salt, were immaterial. Such instructions and notice did not apprise any one that the dye was dangerous and poisonous, if it was such, and defendants made no attempt to apprise the plaintiff wife. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Adel, J., dissents and votes to affirm.