MATILDA L. KEMPF, Respondent, v. ZOTOS CORPORATION and MARINELLO CORPORATION, Appellants, and Others, Defendants.— The action is to recover damages for personal injuries sustained by plaintiff while receiving a permanent wave by the Zotos method. Defendants are Lena's Beauty Parlor, Inc., which maintained the shop where plaintiff's hair was treated; Laurino, the operator, and the Marinello Corporation and the Zotos Corporation, the manufacturer and distributor, respectively, of an article called a " vapet," used in the waving process. The jury returned a verdict for $13,000 against the two last-named defendants. The court denied appellants' motion to set aside the verdict, providing plaintiff consented that it be reduced to $8,000. Plaintiff so stipulated. The appeal is from the judgment and from the order denying, on condition, their motion to set aside the verdict and for a new trial. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Appeal from order dismissed, without costs. Plaintiff suffered a third degree burn over her right temple, near the hairline. The claimed negligence was that the appellants had placed on the market " inherently dangerous chemicals, apparatus and devices, without notice of such dangerous nature." The vapet consists of a foil pad about two inches square, perforated on one side. This pad contains chemicals. Attached to the pad is a piece of flannel about the same size and both the pad and the flannel are attached to a parchment. The Zotos method of administering a permanent wave is as follows: A strand of hair is put through a hole in a small rubber disc and then tied with a string to an aluminum rod, around which the hair is wound and again tied to the rod. The hair is then wetted with a fluid called Zotion, which aids waving. The flannel is then moistened and placed upon the perforated side of the foil pad and both are then wrapped around the hair and the rod, and the whole is wrapped with the parchment. The chemicals, when moistened, produce heat and generate steam. The end of the parchment, which extends beyond the end of the rod nearer the scalp, is crimped and a metal clip which has a ratchet arrangement is attached to the extension part of the parchment to prevent the escape of steam or moisture. A bakelite protector is placed between the rubber disc and the metal clip and then a woolen pad, with a slit in the center, is forced over the parchment, the metal clip, the bakelite protector and the rubber disc, so as to be next to the scalp. The outer end of the parchment is not crimped in order that the steam may be released. Defendant Laurino, called by the plaintiff, testified that in waving her hair he followed the routine just described, that the vapets were the same as usual and that he saw nothing wrong with them. He also testified that the vapets as he used them were not dangerous and if the metal clip were not put on tightly the steam would go backwards, that is, toward the scalp. Before plaintiff could recover against defendants Lena's Beauty Parlor, Inc., and Laurino, the jury had to find that the latter was negligent. The jury

exonerated Laurino and plaintiff has not appealed from the judgment dismissing the complaint against those defendants. Before plaintiff could recover against Marinello and Zotos the burden was upon her to prove that the accident was due solely to their negligence in placing an inherently dangerous article on the market, or that the vapet manufactured and distributed by them was defective. While there was some proof offered by plaintiff that the chemicals, when moistened, are caustic, there was no direct proof that the vapet is an inherently dangerous article. On the other hand, it affirmatively appears to have been used in thousands of instances without injury. Nor was there any proof that the vapet manufactured by Marinello was negligently made, and the court so charged. Nor is there any evidence that the vapet or any part of it, including the foil pad in which the chemicals were inclosed and which was applied by Laurino, was defective. Plaintiff was burned either by the moistened chemicals, which her counsel expressly stated it was not claimed were inherently dangerous, or by the steam they generated, which leaked out of the crimped end of the parchment. But this could not have happened if the metal clip were in good order and properly fastened. In either event, appellants would not be liable. Laurino admitted that while he had purchased his original equipment, consisting of bakelite discs, rods and metal clips, from the defendant Zotos in 1932, he obtained replacements of these articles from a number of different distributors and there is no evidence that any of the articles, save the vapet, used on plaintiff's hair was manufactured or sold by either appellant. The inference that the protective equipment, particularly the metal clip, may have been defective, is just as strong as any inference plaintiff seeks to draw to the effect that the vapet was defective. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.