DORETTE A. WISE and EDWARD W. WISE, Respondents, Appellants, v. HIRESTRA LABORATORIES, INC., Appellant, Impleaded with BLOOMINGDALE BROS., INC., and R. H. MACY & Co., INC., Respondents.

First Department, June 18, 1941.

*Walter G. Evans* of counsel [*Alexander Orr* and *Louis H. Robinson* with him on the brief; *Evans & Rees*, attorneys], for the appellant Hirestra Laboratories, Inc.

*Robert H. Nix* of counsel [*John P. Smith*, attorney], for the respondent Bloomingdale Bros., Inc.

*Samuel E. Swiggett* of counsel [*Andrews, Baird & Shumate*, attorneys], for the respondent R. H. Macy & Co., Inc.

*Robert R. Bauman* of counsel [*Arthur L. Obre*, attorney], for the respondents-appellants.

TOWNLEY, J. In this case the defendant-appellant rested upon the plaintiffs' testimony. A large part of said testimony was by interested witnesses. The court charged (speaking of the burden of proof): "The only thing it does is to remind you when testimony is given which is not contradicted or which is not denied, rebutted or refuted, the likelihood is that that testimony is true, because the law says when testimony can be rebutted and when testimony can be denied and it is not denied, it is not denied simply for the reason that it is true and probable and incapable of being repudiated. And so in this instance, the fact that plaintiffs' testimony is not denied simply means to you first, that the defendant believes that the plaintiff has failed to establish a case which complies with the law and secondly not being denied, if not inherently improbable, if reasonable and normally true, it must be accepted as true because it is not denied." Exception to this charge was taken by the defendant-appellant.

The Court of Appeals in *Piwowarski* v. *Cornwell* (273 N. Y. 226) said: "Their credibility, even though their testimony be uncontradicted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, was exclusively for the jury."

The plaintiff had testified that she had purchased Endocreme and used it and followed instructions on the jar, that she did not use any other cream during the same period, that she had never been affected by other cosmetics or face lotions, that she never used soap in cleaning her face, that none of the various creams which she had used for twenty-seven years had caused any unusual reactions and that she still experiences extreme sensitiveness on her face. This type of testimony, being peculiarly in the knowledge of an interested party, is subject to scrutiny by the triers of the fact and it is error to deprive them of the right to question it.

We think also there was inadequate proof of the fact that the preparation involved was inherently dangerous within the rule laid down in *Karr* v. *Inecto, Inc.* (247 N. Y. 360).

The judgment appealed from by the defendant Hirestra Laboratories, Inc., should be reversed and a new trial ordered, with costs to said appellant to abide the event, the action severed, and the judgment so far as appealed from by the plaintiffs affirmed.

MARTIN, P. J., GLENNON, DORE and CALLAHAN, JJ., concur.

Judgment appealed from by the defendant Hirestra Laboratories, Inc., unanimously reversed and a new trial ordered, with costs to said appellant to abide the event, the action severed, and the judgment so far as appealed from by the plaintiffs affirmed.