JULIUS O. LARSEN, Respondent, v. NILS I. ARONSEN, Appellant.— In an action based on an agreement which is contended to be either one of sale or one of pledge, order denying defendant's motion directed against the complaint under rules 103 and 106 of the Rules of Civil Practice affirmed, with ten dollars costs and disbursements. Defendant's time to answer is extended until ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

ANNA L. MAHER, Appellant, v. CLAIROL, INC., and LAWRENCE RICHARD BRUCE, INC., Respondents.— Action for negligence for damages for injuries allegedly resulting from an application of a dye manufactured and sold by the defendant to beauty shops for treatment of patrons. Judgment dismissing the complaint, in accordance with the granting of a motion by defendants at the close of plaintiff's case, reversed on the law and a new trial granted, with costs to appellant to abide the event. It was conceded that a chemist, if called by plaintiff, would testify that defendants' product was a poisonous preparation and the poison was inherently dangerous. This proof, and the balance of the proof adduced on behalf of the plaintiff, which created an inference, at least, that her injury resulted from the application of defendants' product, established a cause of action. (Karr v. Inecto, Inc., 247 N. Y. 360, 363; Petzold v. Roux Laboratories, Inc., 256 App. Div. 1096; Pariser v. Wappler Electric Co., Inc., 145 Misc. 315.) The contention of the defendants that their instructions to operators constituted an exercise of reasonable care was a matter of defense. In any event, a question of fact was presented as to whether or not the issuance of such instructions constituted reasonable care in the light of the fact, if it be such, that this was a poisonous and inherently dangerous preparation. The instruction sheet (Plaintiff's Exhibit 1) refers to the product as safe and as pure as science can make it and as an apparently harmless substance. It urges the making of a test on behalf of the " exception," rather than, if plaintiff's proof be accepted, as a matter of grave necessity in dealing with a poisonous and dangerous product. Nor do the instructions state that a test is necessary before every application. In this case the operator assumed that a test was unnecessary because plaintiff had received a previous application of the product without harmful results. All of the foregoing bears on the question of fact. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.