ETHEL FEIN, Plaintiff, v. DONALD J. BONETTI, One of the Partners Doing Business under the Name of MARIETTA BEAUTY SALON, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants.

REGAL BEAUTY SUPPLY COMPANY, INC., et al., Third-Party Defendants-Appellants.

Appeal from a judgment of the Supreme Court in favor of third-party plaintiff against third-party defendants, entered April 11, 1952, in Bronx County, upon a verdict rendered at a Trial Term.

Judgment affirmed, with costs.

CALLAHAN, J. (dissenting). I dissent and vote to reverse the judgment and dismiss the cross complaint upon the ground that there was insufficient evidence to establish liability over on the part of any of the third-party defendants.

The cross action is one brought by the operators of a beauty parlor who on a prior trial had been held liable in negligence to a customer for personal injuries, following extensive treatment of the customer's hair including two applications of hair dye. The impleaded defendants are the supplier of the hair dyes who is sued on the theory of breach of warranty, and the distributor and manufacturer of the dyes sued upon the theory of negligence. Despite these various claims the trial court made no attempt to differentiate between defendants.

As a basis of liability over on the part of any of these defendants it would seem essential that there be a showing that the proximate cause of the injury to the customer was the presence of a dangerous ingredient in the hair dye. There was no proof offered as to the contents of the dye and no attempt to prove that it contained any substance that was poisonous. Third-party plain-

tiff read, by consent, an opinion rendered by a physician called by the customer in her original action to the effect that the customer's injuries were due to an allergic reaction on her part to something applied to her hair which she thought was in the hair dye. But the doctor would not exclude other substances used in the process of dyeing the hair as the possible cause of such reaction.

We thus have a case where an allergy or predisposition is said to cause the injury and there is no proof of the presence in the dye of anything dangerous to the ordinary person. Concededly, a patch test of the dye had been given to the customer twenty-four hours before her treatment which test was negative. This was the customary method of ascertaining whether there was any unfavorable predisposition to the dye by a customer.

The evidence in the present case disclosed that a morbid reaction developed in the customer's head and face shortly after the treatment, which took about four hours. It was conceded, however, that there had been two applications of hair dye in order to try to get a particular color, and in between or after such applications there had been used bleaches, vinegar rinses and lacquer and the hair had been frequently shampooed. One of the beauty parlor operators testified that the same dye had been used on over 15,000 occasions without untoward result.

In my opinion, the proof in this case makes the rule of presumption of the presence of a dangerous ingredient suggested in *Karr* v. *Inecto, Inc.* (247 N. Y. 360), inapplicable. That case pointed out that there might be situations where a morbid condition is so closely linked in time to an antecedent occurrence that the inference that the condition was the spontaneous result of the occurrence may logically be drawn, even though there is otherwise no direct evidence as to whether the occurrence might be a competent producing cause of the condition. That rule, however, was expressly limited by the decision cited to situations where other possible causes had been excluded.

The third-party plaintiff in the present case failed, in my opinion, to exclude other causes. His own expert refused to do so even as to the allergic reaction. True, that witness said in effect that he thought that the dye was more likely to produce the reaction, but this was clearly no more than a conjecture when he did not know the ingredients of any of the substances used. But even if the hair dye was responsible but the reaction was due to a predisposition of the customer, the giving of its patch test pursuant to warning of these defendants negated the existence of any negligence. Further, the result of the test created a likelihood that the reaction had flowed from something other than the dye. Any verdict based upon a finding that other causes had been excluded in this case would be wholly speculative. Accordingly no prima facie case was established on the cross complaint.

I vote to reverse the judgment and dismiss the cross complaint.

Cohn, J. P., Bastow and Botein, JJ., concur in decision; Callahan, J., dissents and votes to reverse and dismiss, in opinion.

Judgment affirmed, with costs. No opinion.