Arnold L. Fein, J.
Plaintiff sues to recover for injuries, consisting of a red blotch on her forehead, allegedly sustained when hair spray, manufactured by the third-party defendant, Ozon Products, Inc., was sprayed onto her forehead by an employee of defendant Sophia Beauty Salons, Inc., during the course of washing and setting plaintiff’s hair on December 3, 1964. The complaint is couched in language of negligence and breach of warranty. During trial Arnold Constable and The Glemby Co., Inc., were dropped as defendants, it being stipulated that defendant Sophia Beauty Salons, Inc., was the operator, of the beauty parlor and that its employee worked on plaintiff’s hair.
Plaintiff testified that: (1) she told the operator not to use hair spray, stating “ I don’t use spray”; (2) the operator started to spray plaintiff’s hair, shielding plaintiff’s forehead with her hand; and (3) some of the spray from the aerosol can came into contact with plaintiff’s forehead.
Defendant’s operator did not deny that this was what occurred except that she testified that it was only after she had begun to apply the hair spray that plaintiff told her not to do so. The operator testified that, in accordance with her usual custom, she applied the spray with her right hand and put her left hand on the customer’s forehead to prevent the spray from coming into contact with the" customer’s forehead. She conceded on cross-examination that another technique for preventing the hair spray from coming in contact with the customer’s forehead would be to use a shield.
Plaintiff exhibited a red blotch on her forehead, stating that approximately one hour after the application her forehead started to burn and later became very painful and scabby, red and swollen down to her cheeks, causing her eyes to appear “ slitted ”. The doctor prescribed a salve, which she applied over a period of time. The doctor subsequently scraped the *588 scabs off. Plaintiff testified that she had no allergies and that Ozon spray had been applied to her hair previously without any prior reaction. She directed that the hair spray not be applied because she did not like it and used it only on damp days. She further testified that she has used the same hair spray since without ill effects.
The hair spray was applied by an aerosol can, which, the operator testified, was discarded at the end of the day.
Plaintiff’s doctor testified as to his examination, observation and treatment of plaintiff. He described her condition as a contact dermatitis, caused by something in the hair spray which he said was due to its being either 1 ‘ old, rancid or deteriorated ”. He did not examine the particular hair spray, in any manner. On cross-examination he testified he assumed the spray was the cause, basing its judgment on what plaintiff told him. He conceded he was not a dermatologist and that cold cream or other make-up could cause a contact dermatitis, although he said it could not cause this kind of lesion. Plaintiff testified that on the night before the incident she had used cleansing cream on her face and forehead and that on the morning of the incident she wore make-up, Revlon powder and foundation, on her face, but not on her forehead, and that she had no similar reaction before or since.
Decisions on motions by defendant to dismiss and for a directed verdict on the third-party complaint, if plaintiff recovered against defendant, were reserved, as was decision on the motion by the third-party defendant to dismiss.
In accordance with instructions, the jury rendered a special verdict, answered in the following form:
1. Is your verdict in favor of the plaintiff?
Answer: “ Yes ” or “ No ”. Yes.
2. If “ No ”, return a verdict for defendant and do not answer the remaining questions.
Answer:
3. If your verdict is- for plaintiff, indicate in what amount.
Answer: $4,000'.
4. If your verdict is for plaintiff answer the following questions by “ Yes ” or “ No ”.
(a) Was plaintiff’s injury sustained because of defendant’s negligence in applying the hair spray?
Answer: “ Yes ” or “ No ”. Yes.
(b) Was plaintiff’s injury sustained because the hair spray was defective and not reasonably fit for the purpose for which it was intended?
Answer: “Yes” or “ No ”. No.
*589 (c) If your answer is “ Yes ”, was the injury because of the condition of the hair spray at the time it came into possession of defendant?
Answer: “ Yes ” or “ No ”.
5. Is your verdict in favor of defendant against the third party defendant Ozon Products, Inc. ?
Answer: “ Yes ” or “ No ”. No.
Defendant’s motion to set aside the verdict, as against it, must be granted. The jury’s verdict was obviously inconsistent. The evidence was sufficient to sustain the jury’s verdict that defendant was negligent in applying the hair spray. This was a breach of defendant’s duty which would sustain liability if it were the proximate cause of the injury (Pratt v. Edwards & Son, 227 App. Div. 210). However, the mere negligence in permitting the hair spray to come in contact with plaintiff’s forehead was not shown, in and of itself, to be the causal basis for her injury. There was no evidence that Ozon hair spray would cause injury. In order for defendant to be liable in negligence it must be shown that the product was negligently applied and that it was dangerous to human beings generally, or to the plaintiff particularly, to the knowledge of the defendant (see Karr v. Inecto, Inc., 247 N. Y. 360). Although Karr is a breach of warranty case, it demonstrates the need to establish that the product caused the injury (Sanders v. Clairol, 2 A D 2d 857). Plaintiff testified that she had used the same product before and after the incident without ill effects. The only evidence in the case as to the deleterious nature of the product was the doctor's testimony that it must have been “ old, rancid or deteriorated ”. He did not examine the product nor did he know its chemical make-up. This is insufficient (Zampino v. Colgate-Palmolive Co., 8 A D 2d 304). Moreover, the jury having found by its answer to the second question that the injury was not sustained because the product was ‘ ‘ defective and not reasonably fit for the purpose for which it was intended ”, there was no basis for its finding that the injury was sustained because of defendant’s negligence, nor for holding defendant liable for breach of warranty (Kempf v. Zotos Corp., 261 App. Div. 821).
Plaintiff’s reliance upon Barrett v. Lazzara (3 A D 2d 982) is misplaced. In that case the defendant selected the chemical tint to be applied to the plaintiff’s hair, and the doctor testified that use. of this particular chemical was a competent producing cause of the plaintiff’s injuries. There was“also testimony that it was contrary to good practice not to make a curl test before applying the chemical and that the customer was permitted to sit under the hair dryer for an excessive period. It was held *590 there was sufficient evidence to show that defendant’s negligence, in varying from good practice, was the competent producing cause of plaintiff’s injuries. There is no such evidence here, in the light of the jury’s answer exonerating the product.
Cornbrooks v. Terminal Barber Shops (282 N. Y. 217) relied on by plaintiff, does not aid her. In that case, a vibrator used by a barber was run down over the plaintiff’s eye, onto the eye and down the cheek, accompanied by a jarring sensation of the eye. Plaintiff’s expert testified that the retinal detachment suffered by him could be caused in this manner and the barbers, called on behalf of both parties, testified that it was not good practice to apply a vibrator over the eyes. Enough was shown from which negligence and causation might fairly or reasonably be inferred. There was a physical act, which common experience indicates could cause a jarring or rupture, • and, as the doctor testified, a retinal detachment. This is far different from the mere application of a product, found by the jury not to be harmful, to the person of the plaintiff, in a negligent manner. Had the jury found the product to be defective or not fit for its intended purpose, its verdict might be supportable. Or had plaintiff shown that she had an allergy and had so advised the defendant’s operator as a foundation for her request that the hair spray not be used, and had plaintiff’s reaction been allergic, the case might stand on a different footing (see Kaempfe v. Lehn & Fink Prods., 21 A D 2d 197; Wright v. Carter Prods., 244 F. 2d 53). In order to sustain the jury’s verdict, it must be shown that the results of the defendant’s act were “ not merely possible but probable ” and that the negligence found was causally related to the injury (Dressler v. Merkel, Inc., 247 App. Div. 300, affd. 272 N. Y. 574). Although the plaintiff is entitled to every reasonable inference from the evidence in the record,
‘ ‘ direct or circumstantial ’ ’, from which ‘ ‘ negligence may reasonably be inferred ”, plaintiff cannot recover, unless it is shown that the defendant ‘1 knew or should have known of the risk of bodily harm to the plaintiff ’ ’ and that the negligence was the proximate cause of the injury (Lubelfeld v. City of New York, 41ST Y 2d 455). The inconsistent jury verdict demonstrates there was no such showing.
Accordingly, the jury’s verdict against the defendant Sophia Beauty Salons, Inc., is set aside and a new trial ordered. In the light of the jury’s finding that the defendant was negligent, which is supported by the evidence, the plaintiff is entitled to an opportunity to demonstrate the causal connection between the negligence found and the injury sustained.
*591 The jury’s verdict in favor of the third-party defendant was amply supported by the evidence. The third-party complaint is accordingly dismissed. All motions not otherwise disposed of are now denied.