■ BLIMA GOLDBERG, by Her Mother and Natural Guardian, RIFKY GOLDBERG, et al., Appellants, v UNION HARDWARE CO., Defendant, and HANDI-PAC, Respondent.—In a strict products liability action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Vinik, J.), entered September 8, 1988, which, upon a jury verdict, is in favor of the respondent and against them on the issue of liability.

Ordered that the judgment is affirmed, with costs.

It is well settled that "a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, quoting from *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643; *see also, Frank v Fisher,* 142 AD2d 665). In the instant case, the trial evidence clearly supported the jury's verdict in that it established that the respondent's "Union 7 Champion" model roller skates were not defectively designed. Indeed, since 1978, when the respondent began marketing that model of roller skates, the evidence established that it had received no consumer complaints *(see, Karr v Inecto, Inc.,* 247 NY 360; *Kempf v Zotos Corp.,* 261 App Div 821; *see generally,* 47 NY Jur, Products Liability, § 16). Moreover, the absence of any com-

plaints as to the adequacy of the toe clamps utilized on the "Union 7 Champion" model roller skate supports the jury's verdict that the respondent did not breach a duty to warn consumers not to wear sneakers or other soft-soled shoes in conjunction with these roller skates. "There can be no negligence in failing to warn about a risk in the absence of evidence that would justify a finding that a manufacturer * * * knew or in the exercise of ordinary care should have known about it" (Prosser and Keeton, Torts § 96, at 685 [5th ed]; *see also, Cover v Cohen,* 61 NY2d 261, 275-276). In the case at bar, while there was evidence that larger clamps were superior in design, there was no proof that the respondent was or should have been aware that its "Union 7 Champion" model skates were potentially defective when used by a sneaker-clad skater. The testimony of both the plaintiffs' and the respondent's expert witnesses also supported the jury's verdict.

The plaintiffs' claim with regard to the form of the verdict sheet was not raised before the trial court and, accordingly, any issue of law with respect thereto has not been preserved for appellate review *(Bichler v Lilly & Co.,* 55 NY2d 571, 583; *Newsome v Cservak,* 130 AD2d 637). In any event we discern no errors in the verdict sheet which warrant reversal of the judgment entered on the jury's verdict. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.